**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IDA LANIER,
Plaintiff-Appellant,

v.

No. 95-3114

MCI TELECOMMUNICATIONS,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-274-A)

Submitted: August 13, 1996

Decided: August 27, 1996

Before ERVIN and WILKINS, Circuit Judges, PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ida Lanier, Appellant Pro Se. Alexander Neal Barkus, HUNTON &
WILLIAMS, Washington, D.C.; Joanne Ochsman, MCI COMMUNI-
CATIONS CORPORATION, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ida Lanier is an African-American female in her mid-forties who is employed by Appellee MCI Telecommunications, Inc. ("MCI"). Initially, Lanier filed two administrative complaints with the Equal Employment Opportunity Commission ("EEOC"), alleging that an MCI employee (Lanier's Caucasian male manager, James Koca) discriminated against her on the basis of race, sex, age and retaliation. The EEOC subsequently issued her two right to sue letters. Lanier then brought this suit in the federal district court under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e (West 1994); 42 U.S.C.A. § 1981 (West 1994); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 (1988). She sought an injunction, compensatory and punitive damages, and attorney's fees and costs.

Following the dismissal of several claims,* Lanier presented her case to a jury. At the close of her evidence, MCI moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). After oral argument, the district court granted the motion, finding that Lanier failed to provide any evidence that the adverse employment actions (failure to promote and a less favorable performance evaluation) were motivated by her race or gender. Lanier timely appealed. Because we find no genuine issue of material fact, we affirm the district court's judgment as a matter of law in favor of MCI.

We review de novo a district court's grant of a motion for judgment as a matter of law. Gairola v. Virginia Dep't of Gen. Servs., 753

_____

*The district court granted MCI's motion for summary judgment with respect to Lanier's claims that she was denied two promotions and training opportunities. Lanier voluntarily dismissed her ADEA claim. Two claims survived: (1) another claim that she was denied a promotion; and (2) that MCI changed Lanier's performance evaluations.

2

F.2d 1281, 1285 (4th Cir. 1985); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). In considering the motion, the district court has the benefit of seeing tested in open court, what the parties alleged they could prove. Kim v. Coppin State College , 662 F.2d 1055, 1059 (4th Cir. 1981). Thus, we must review the transcript and decide, viewing the evidence in the light most favorable to the non-moving party and without weighing the credibility of witnesses, whether reasonable jurors could only decide in favor of the movant. Gairola, 753 F.2d at 1285. The question is not whether there is no evidence (although a mere scintilla of evidence is not enough to defeat a motion for judgment as a matter of law), but whether there is sufficient evidence upon which a jury could properly proceed to reach a verdict. Ralston Purina Co. v. Edmunds, 241 F.2d, 164, 167 (4th Cir.), cert. denied, 353 U.S. 974 (1957).

Lanier alleged that MCI subjected her to adverse employment actions (a lowered performance evaluation and failing to promote her to the supervisory position) because of her gender and race. Her claims are subject to the burdens of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). To prevail on either claim, Lanier must make out a prima facie case by proving (1) she is a member of a protected group; (2) she suffered some adverse employment action; (3) at the time of the adverse employment action, she was performing at a level that met her employer's legitimate expectations; and (4) the adverse employment action occurred under circumstances that raise an inference of unlawful discrimination. Id. (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-55 (1981)). If Lanier proves a prima facie case of discrimination by a preponderance of the evidence, a presumption that the employer unlawfully discriminated against her is created. Id. The burden of production then shifts to MCI to rebut the presumption by articulating some legitimate, nondiscriminatory reason for the adverse employment action. Id. at 506-07. If MCI provides some legitimate, nondiscriminatory reason for the action, Lanier can then prove by a preponderance of the evidence that the legitimate reasons asserted by MCI were not true reasons, but were actually a pretext for discrimination. Id. at 507-08.

Concerning the promotion, MCI did not dispute that (1) Lanier was a member of a protected group; (2) she was not promoted to supervi-

3

sor; and (3) she was a good employee who adequately performed her job duties. However, the district court properly found that Lanier provided no evidence, "other than [Lanier's] own conclusion[s]," to establish that the reason she was not promoted was racially or sexually-based. Furthermore, the district court correctly concluded that even if Lanier had made a prima facie showing of discrimination, MCI provided a legitimate business reason for promoting someone else over Lanier. Thus, judgment as a matter of law in favor of MCI was proper.

With respect to the performance evaluation, the only evidence of a racially discriminatory motive came from Lanier's unsupported allegations. In addition, Lanier offered no evidence at all of gender-based discrimination. Thus, the district court properly concluded that reasonable jurors could only decide in favor of MCI and granted judgment as a matter of law.

Because we find no genuine issue of material fact, we affirm the judgment of the district court granting judgment as a matter of law to MCI. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4